```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x          04 CV 1093 (NG)
DAVID ROMAN,

                        Petitioner,
    -against-                                               OPINION AND ORDER

RAYMOND CUNNINGHAM, Superintendent,
Woodbourne Correctional Facility,

                        Respondent.
-------------------------------------------------x
```
GERSHON, United State District Judge:

      Petitioner David Roman brings this petition *pro se* for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, challenging his March 12, 2002 conviction after pleading guilty to one count of attempted robbery in the first degree. For the reasons set forth below, petitioner's application is denied.

## Procedural History

      On March 12, 2002, petitioner pled guilty to one count of attempted robbery in the first degree in violation of N.Y. Penal Law §§110/160.15[3]. On April 11, 2002, petitioner was sentenced, as previously negotiated, to seven years in prison, with five years of post-release supervision.

      On March 12, 2003 petitioner, acting *pro se*, moved pursuant to N.Y.Crim. Proc. Law § 440.10 (1)(b),(d) and (h) to vacate his guilty plea and conviction. By order dated June 17, 2003, the court denied the petitioner's Section 440.10 motion. On July 3, 2003, petitioner moved for re-argument and reconsideration of the Section 440.10 motion, so that the court could consider his medical records. The court granted reconsideration to the extent that it reviewed the medical records, but, on November 5, 2003, denied the request to vacate the judgment of conviction. On

February 6, 2004, the Appellate Division denied petitioner's application for leave to appeal.

Petitioner filed a petition for a writ of habeas corpus in this court on March 3, 2004. On June 22, 2004, respondent filed opposition papers and asked this court to hold the petition in abeyance so that petitioner could exhaust one unexhausted claim. By order dated August 23, 2004, this court denied respondent's request to hold the petition in abeyance and instructed respondent to address the claims on the merits. Respondent has now done so. Petitioner has filed a memorandum in opposition.

## Facts

On October 7, 2001, Anton Vassalefsky[1] was struck in the face with a "club" and robbed of his wallet, while walking on East 22nd St. in Brooklyn, NY. In connection with this crime, petitioner was indicted, on numerous counts of robbery, attempted robbery, criminal possession of stolen property, and other theft and assault-related crimes.

At his arraignment, on November 27, 2001, petitioner was extended a plea offer of eight years in prison in return for a guilty plea on one count of robbery in the first degree. Petitioner declined the offer, and pled not guilty.

On March 12, 2002, petitioner pled guilty to one count of attempted robbery in the first degree, N.Y. Penal Law §§ 110/160.15(3), in New York State Supreme Court, Kings County (Barros, J.). Before accepting the plea, the court asked petitioner whether he had sufficient time to discuss the terms of the plea and sentence with his counsel and whether he understood the plea agreement. Petitioner answered "yes, ma'am" to both questions. The court also asked petitioner

---

[1] The victim's name is spelled both Vasilevskiy and Vassalefsky in the court documents and briefs.

whether any threats or other promises had been made to induce him to plead guilty. Petitioner answered "no, ma'am." The court also advised the petitioner of the constitutional rights that he would waive by pleading guilty. Petitioner expressed his understanding as each right was explained to him. Petitioner also acknowledged his understanding that he was waiving his right to appeal as part of the plea agreement. After expressing his understanding of the plea and the rights he would give up by entering a guilty plea, the court asked petitioner if he still wished to plead guilty. Petitioner answered "yes, ma'am." Plea minutes, March 12, 2002, pp. 5-8.

The court next asked petitioner to describe the crime. Petitioner stated that on October 7, he and codefendant had forcibly taken property from Anton Vassalefsky. Petitioner stated that he had "half a club" as a weapon and explained that a club was an "[a]nti-theft device." Petitioner said that he had struck the victim "in the face" with the club and that codefendant had taken his wallet. *Id*. at 8-9.

On April 11, 2002, petitioner was sentenced, as previously negotiated, to seven years in prison, with five years of post-release supervision.

On March 12, 2003 petitioner, acting *pro se*, moved pursuant to N.Y.Crim. Proc. Law § 440.10 (1)(b),(d) and (h) to vacate the judgment claiming, among other things, that his plea was not knowing and voluntary because he was under the influence of prescription medication, that defense counsel coerced him into taking the plea, and that defense counsel was ineffective.

By order dated June 17, 2003, Justice Barros denied the petitioner's Section 440.10 motion to vacate. The court found petitioner's claim that his medication rendered his plea unknowing and involuntary meritless because he had provided "no substantiation for the claim that he was under the influence of prescribed medication when he pleaded guilty...." *People v.*

*Roman*, No. 7836-01, slip op. at 4. In addition, the court noted that the pleading minutes contradicted his claim because "[t]hey depict an individual who understood the questions presented to him, readily admitted his culpability, and was able to clearly, and concisely describe the events that took place in the early morning of October 7, 2001." *Id*. at 4-5. Finally, the court denied petitioner's claim that counsel was inadequate because of petitioner's responses in the plea minutes and because counsel negotiated a significantly reduced prison term, from the possibility of 25 years to seven years. *Id*. at 5.

On July 3, 2003, petitioner moved for re-argument and reconsideration pursuant to N.Y.C.P.L.R. § 2221. Petitioner submitted records from Prison Health Services in support of his claim that his plea was not knowing and voluntary because he was "under the influence of various medications" that impaired his ability to understand the proceedings. The records document petitioner's treatment for stress and anxiety, including one possible suicide attempt.

On November 5, 2003, the court reviewed the medical records, but denied the request to vacate the judgment of conviction. The court held that the evidence established only that petitioner was prescribed anti-anxiety and anti-depression medication for a period encompassing the plea hearing, but not "that such drugs impaired his mental function, or that he was under the influence of mind-altering drugs on the date of his plea." *Roman*, No. 7836-01, slip op. at 1. Further, the court held that the petitioner's pleading to a sentence of seven years in prison, but not to an offer of eight years in prison, combined with the transcript of his plea, "demonstrate that [petitioner] knowingly and voluntarily pleaded to one count of attempted robbery in the first degree." *Id*. at 2. On February 6, 2004, the Appellate Division denied petitioner's application for leave to appeal.

Petitioner filed his petition for a writ of habeas corpus in this court on March 3, 2004.

**Standard of Review**

Since this petition for a writ of habeas corpus was filed after April 24, 1996, it is subject to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (1996). AEDPA mandates deference to state court decisions by federal courts conducting habeas corpus review. Under its provisions, an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in the state court unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. 2254(d)(2). The habeas court must presume that the state court's determination of factual issues is correct unless the petitioner demonstrates otherwise by clear and convincing evidence. 28 U.S.C. 2254(e)(1).

The Supreme Court has held that a state court decision is "contrary to" clearly established Supreme Court precedent if it "contradicts the governing law set forth in [Supreme Court] cases or confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The Court has further held that a state court decision is "an unreasonable application of" clearly established Supreme Court precedent if, from an objective standpoint, the state court applied Supreme Court precedent unreasonably, not simply incorrectly or erroneously. *Id*. at 411. The Court of Appeals for the Second Circuit has clarified

this standard, holding that "[although] some increment of incorrectness beyond error is required...the increment need not be great; otherwise habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Sellen v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

## Analysis

In his petition and his reply memorandum, petitioner claims that (1) his plea was not knowing and voluntary, (2) his counsel was ineffective because counsel coerced him into pleading guilty, and (3) counsel should have asked for, or the court should have ordered, a competency hearing because petitioner suffered from a mental disease and was taking prescription medication for anxiety and depression at both the plea hearing and the sentencing. In denying the Section 440.10 motion and in denying the motion for reconsideration after petitioner submitted his medical records, the state court found claims one and two to be meritless. The state court did not explicitly address the need for a competency hearing, although it is clear from the court's decisions, that the court found petitioner competent.

**Knowing and Voluntary Plea**

A plea of guilty is constitutionally valid only if it is voluntarily, competently, and intelligently given, *Bousley v. United States*, 523 U.S. 614, 618 (1998); *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938). Collateral review of a plea generally is limited to whether the plea was voluntary, knowing and entered into with the advice of counsel. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner's claims that his plea was not knowing and voluntary and that counsel coerced him into pleading guilty are dispelled by petitioner's own statements at the plea hearing. The

6

Supreme Court has held that statements made by a defendant at a plea hearing constitute a "formidable barrier" which cannot easily be attacked in subsequent collateral hearings because "[s]olemn declaration[s] in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner made the following sworn statements at the plea hearing:

**Court**: Now I'm going to ask you...Mr. Roman, about an incident that occurred on October 7th like at about 1:20 in the morning at 2072 East 22nd in the County of Kings. It's alleged that you were involved in forcibly taking property from an individual, that individual being Anton Vassalefsky. Is that true?

**Defendant**: Yes, ma'am.

**Court**: How did you go about doing that?

**Defendant**: First Mr. Fran approached the complainant, asked him if where we could score some drugs. After he got back in the car, we drove approximately halfway up the block, we got out and asked for their wallet.

**Court**: And did either of you have a weapon?

**Defendant**: Yes, ma'am.

**Court**: What was that?

**Defendant**: I had half a club.

**Court**: What is that?

**Defendant**: Anti-theft device

**Court**: A club, okay. What did you do with it?

**Defendant**: I struck Mr.–I can't pronounce his name.

**Court**: "Vassalefsky."

7

**Defendant**:...in the face with the club and Mr. Fran obtained the wallet.

**Court**: Okay. And obviously you didn't have permission or authority to take anything from that individual, is that correct?

**Defendant**: No, ma'am.

In considering the nature of petitioner's plea, Justice Barros, who observed petitioner at the plea hearing and sentencing, found, in denying the Section 440.10 motion on June 17, 2003, that "the pleading minutes...depict an individual who understood the questions presented to him, readily admitted his culpability, and was able to clearly, and concisely describe..." the crime he committed. *Roman*, No. 7836-01, slip op. at 7. Moreover, the court concluded that petitioner's sworn responses to the court's questions about petitioner's understanding of the rights he was giving up by pleading, the terms of the plea, and the sufficiency of his consultations with counsel "established that petitioner had a full understanding of what a plea connotes and of its consequences...." *Id*. (internal quotations and citations omitted). In addition, the court found that the fact that petitioner did not plead guilty to an initial offer of eight years in prison, but waited to plead to an offer of seven years, further demonstrated the knowing and voluntary nature of his plea. The state court concluded that petitioner's claim that his plea was not voluntary, knowing, and intelligent is dispelled by the record. The state court's November 5, 2003 order on reconsideration reaffirmed the conclusion that the plea was valid.

Based on this court's review of the record, this ruling was neither contrary to, nor an unreasonable application of, established law, as described above, nor based on an unreasonable determination of the facts. Therefore, the petition for a writ of habeas corpus on this ground is denied.

**Effective Assistance of Trial Counsel**

Petitioner also challenges his plea on the ground that his counsel was ineffective because counsel coerced petitioner to plead guilty. In order to prevail on an ineffective assistance of counsel claim, a petitioner must show both that counsel's performance fell below the objective standards of reasonableness dictated by prevailing professional norms and that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Under the first prong, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689.

To establish the second, "prejudice" prong, a petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" in this context is one that undermines confidence in the outcome of the proceeding. *Id*. at 694. In the plea context, the second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Here, the state court noted petitioner's federal constitutional right to effective counsel, but applied the New York state standard for judging the ineffectiveness of counsel as it is articulated in *People v. Baldi*, 54 N.Y.2d 137 (1981), and *People v. Rivera*, 71 N.Y.2d 705

9

(1988). Notwithstanding the differences in the standards, the Second Circuit continues to hold that the state standard is not contrary to the *Strickland* standard for the purposes of §2254(d)(1). *See Henry v. Poole*, 409 F.3d 48, 69-70 (2d Cir. 2005).

The issue then is whether the state court's decision was an unreasonable application of *Strickland*. Petitioner argues that his counsel was ineffective because he coerced petitioner into pleading guilty by telling petitioner that he faced 25 years in prison if convicted at trial. However, in its June 17, 2003 order denying the Section 440.10 motion, the court pointed out that, when asked at the plea hearing whether any promises or threats had been made to induce him to plead guilty, petitioner answered unequivocally, " No, Ma'am." *Roman*, No. 7836-01, slip op. at 5. Also, petitioner responded in the affirmative, when asked whether he had "sufficient time to fully discuss the terms of his plea and sentence" with his attorney. *Id*. The state court's reliance on these statements was not unreasonable. *See Blackledge*, 431 U.S. at 73-74.

Applying the prongs of *Strickland* demonstrates that petitioner's counsel was not ineffective. Under the first prong, advising petitioner to accept the plea was a reasonable strategy. As the state court notes, petitioner faced a potential sentence, if he went to trial, that was more than three times as long as the negotiated prison sentence that he received. Moreover, petitioner does not dispute the State's representation that the evidence against him was strong, including credible eyewitness and identification testimony, as well as petitioner's apprehension in close temporal and physical proximity to the commission of the charged crimes. Under the second prong, there is no reasonable probability that counsel's performance affected the outcome of the plea process. Petitioner has not shown a reasonable probability that, absent counsel's

advice, he would not have pled guilty. Even now, petitioner does not indicate that he wishes to withdraw his plea and proceed to trial. For that reason alone, he cannot obtain relief. *See Hill*, 474 U.S. at 58-59. Given these facts, the state court's determination that counsel was not ineffective in advising petitioner to plead guilty was neither an unreasonable application of established law, nor based on an unreasonable determination of the facts. Therefore, the petition for a writ of habeas corpus on this ground is denied.

**Competency**

Finally, petitioner claims that counsel should have raised petitioner's mental condition and that the court should have considered his condition, both at the plea and sentencing.

As to the court's action, while it is unconstitutional for a court not to hold a competency hearing where the evidence warrants such a hearing, *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir. 1992), a court must hold a competency hearing only where there is "reasonable ground" for believing that the defendant is incompetent to stand trial. *See Silverstein v. Henderson*, 706 F.2d 361, 369 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983). There are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). "[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required...." *Id*.

The trial court is required to consider only that evidence actually before it when deciding whether a competency hearing is required. *See*, *e.g*., *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986) *cert. denied*, 479 U.S. 1036, 93 L. Ed. 2d 841, 107 S. Ct. 888 (1987) ("failure to conduct a full competency hearing is not a ground for reversal when the defendant

appears competent at trial."). Neither petitioner nor defense counsel presented any evidence of incompetence at the plea or sentencing. Further, as described above, the trial court observed petitioner at both the plea hearing and the sentencing, and determined that petitioner's behavior did not suggest incompetence. *See id*. ("deference is owed to the district court's determinations based on observations of the defendant during the proceedings."). Finally, the court examined petitioner's medical records in denying his motion for reargument and found that merely taking medication did not impair his mental function or interfere with his ability to make a valid plea. *See Medina v. McGinnis*, 2004 U.S. Dist. LEXIS 18722 (S.D.N.Y. Sept. 20, 2004) (citing *Chichakly v. United States*, 926 F.2d 624, 631-32 (7th Cir. 1991) (Despite defendant's allegations that he was incompetent due to psychiatric medications, "there is certainly no need to conduct a competency hearing when there is no evidence before the Court of incompetency and when the defense attorney failed to request one and neither the prosecuting attorney nor the judge saw a need for one.")).

As to counsel's actions, petitioner claims that defense counsel was aware that petitioner was taking medication for anxiety and depression and should have requested a competency hearing. As the Second Circuit has stated, "[t]he opinion of a defendant's attorney as to his ability to understand the nature of the proceedings and to cooperate in his defense, is indeed significant and probative." *United States ex rel. Roth v. Zelker*, 455 F.2d 1105, 1108 (2d Cir. 1972), *cert. denied*, 408 U.S. 927 (1972). Similarly, the failure of defense counsel to indicate that defendant has difficulties comprehending the nature of the proceedings or assisting in the preparation of a defense "provides substantial evidence of the defendant's competence." *Vamos,* 797 F.2d at 1150; *see also United States ex rel. Rivers v. Franzen*, 692 F.2d 491, 500 (7th

Cir. 1982) ("the failure of...counsel to raise the competency issue is persuasive evidence that there was no bona fide doubt as to [defendant's] competency during trial."). Here, the only basis petitioner has offered for arguing that counsel's conduct, in not raising the competency issue, was constitutionally ineffective, is his medical records. For the reasons found by the trial court, these records do not support such a conclusion. In addition, since the trial court has now examined all the medical evidence, and rejected it, there is no reason to believe that there would have been a different result had defense counsel raised the issue of petitioner's medication at the plea hearing or sentencing.

## Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is denied in its entirety. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability is denied pursuant to 28 U.S.C. §2253(c).

**SO ORDERED.**

_____/s/_____
**NINA GERSHON
United Stated District Judge**

Dated: Brooklyn, New York
July 27, 2005